UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SAGE D. KAVENY, | CIV. NO. 2:16-00157 WBS CKD |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| COUNTY OF SACRAMENTO; MATTHEW CHESTERMAN; BRIAN SHORTZ; BRANDON GAYMAN; SHELLY HODGKINS; DOUGLAS DAVIS; THOMAS ANDRIS; and DOES 1 through 30, inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiff, a female criminal defense attorney, brings this action against the County of Sacramento, the Sacramento County Main Jail Commander and several deputy sheriffs based upon the alleged denial of her right to use the pass-through meeting rooms[1] at the Rio Cosumnes Correctional Center ("RCCC") and the

---

[1]  A pass-through meeting room is one in which there is a glass partition with an opening that permits attorneys to share

1

1   Sacramento County Main Jail.  Plaintiff's only federal claims are
2   asserted under 28 U.S.C. § 1983 for gender discrimination in
3   violation of the Equal Protection Clause, and for violation of
4   plaintiff's procedural due process rights.
5            Presently before the court is defendants' motion to
6   dismiss the complaint for failure to state a claim under Rule
7   12(b)(6) of the Federal Rules of Civil Procedure.  (Docket No.
8   8.)
9     A. Plaintiff's § 1983 Claim for Violation of the Equal
10       Protection Clause - Gender Discrimination
11           The Equal Protection Clause of the Fourteenth Amendment
12  provides that "no State shall . . . deny to any person within its
13  jurisdiction equal protection of its laws."  The essence of the
14  Equal Protection Clause is a requirement that similarly situated
15  people be treated alike.  Ariz. Dream Act Coal. v. Brewer, 757
16  F.3d 1053, 1063-64 (9th Cir. 2014).  A plaintiff may prevail on
17  an "equal protection claim by showing 'that a class that is
18  similarly situated has been treated disparately.'"  Id. at 1064
19  (citation omitted).  The Complaint here fails to contain any
20  allegation that male attorneys were treated differently under
21  similar circumstances.  The court must therefore grant
22  defendants' motion to dismiss plaintiff's § 1983 claim for
23  violation of the Equal Protection Clause.
24    B. Plaintiff's § 1983 Claim for Violation of Procedural Due
25       Process
26           A § 1983 claim based upon a procedural due process

---

28  documents and evidence with their clients.  (Compl. ¶ 4 (Docket No. 1).)

violation "has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). The procedural due process guarantees "apply only when a constitutionally protected liberty or property interest is at stake." Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989). "The Due Process Clause does not create substantive rights in property; the property rights are defined by reference to state law." Id.

In order "'[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 756 (2005) (citation omitted). A benefit is not a protected entitlement "if government officials may grant or deny it in their discretion." Id.

Plaintiff alleges defendants violated her procedural due process rights by revoking her pass-through privileges and repeatedly broadcasting that she had engaged in sexual conduct "without any process." (Compl. ¶ 57.) Defendants allegedly did not provide plaintiff with an administrative hearing and reinstate her pass-through privileges until eight months after the initial incident. (Id. ¶¶ 48-50.) Further, the administrative hearing was provided only after a Sacramento County Superior Court Judge ordered the Sheriff's Department to

3

1 either reinstate plaintiff's privileges or provide her an
2 administrative hearing.  (Id. Ex. 2, May 29, 2015 Sacramento
3 Superior Ct. Order at 2, 4 (Docket No. 5).)
4          Plaintiff contends pass-through privileges are a
5 liberty or property interest because of a combination of state
6 regulations and Sacramento County jail rules.  (Pl.'s Opp'n at
7 17-20.)  First, plaintiff cites section 3178 of the California
8 Code of Regulations, which specifies procedures that must be
9 followed if an administrator seeks "to restrict, where cause
10 exists, the confidential privileges . . . and/or normal visiting
11 privileges afforded an attorney."  Cal. Code of Regs. tit. 15,
12 § 3178(s).
13          This state regulation, however, governs attorney
14 visitation in state prisons, not visitation in local detention
15 facilities.  See id. § 3000 (defining "inmate" as "a person under
16 the jurisdiction of the Secretary and not paroled"; "secretary"
17 as the secretary of the Department of Corrections and
18 Rehabilitation; and "facility" as "any institution; community-
19 access facility or community correctional facility; or any camp
20 or other subfacility of an institution under the jurisdiction of
21 the" California Department of Corrections and Rehabilitation);
22 Id. § 5058 (authorizing the Secretary of the Department of
23 Corrections and Rehabilitation to "prescribe and amend rules and
24 regulations for the administration of the prisons").
25          Instead, the state regulation that governs attorney
26 visitation in local correctional facilities is section 1068.
27 This regulation provides that the "facility administrator shall
28 develop written policies and procedures to ensure inmates have

4

1   access to the court and to legal counsel" and this access "shall
2   consist of" unlimited mail and "confidential consultation with
3   attorneys." Id. § 1068; see also id. § 1006 (defining
4   "facility/system administrator" as "the sheriff, chief of police,
5   chief probation officer, or other official charged by law with
6   the administration of a local detention facility/system"); Id.
7   § 6030 ("The Board of State and Community Corrections shall
8   establish minimum standards for local correctional facilities.").
9   Section 1068 therefore requires facility administrators to ensure
10  inmates have access to "confidential consultation with
11  attorneys," not confidential consultation in pass-through rooms.

12          Plaintiff next argues that the Sacramento County jail
13  rules also create an attorney entitlement to pass-through
14  privileges. (Pl.'s Opp'n at 18.) Plaintiff cites Sacramento
15  County Sheriff's Department Operations Order 6/18, which outlines
16  "the procedures for inmate access to confidential visits at the
17  Main Jail and the Rio Consumnes Correctional Center (RCCC) in
18  accordance with the California Code of Regulations, Title 15,
19  Article 6, Section 1068." (Id. Ex. 1, Sacramento Cnty. Sheriff's
20  Dep't Operations Order 6/18 ("Operations Order") at 1.) The
21  Operations Order provides that "confidential visits shall be
22  granted to those persons who qualify under the law for such
23  privileges" and will be "conducted in areas that cannot be
24  audibly monitored by other inmates and custody staff." (Id.)
25  More specifically, it provides that a "confidential pass-through
26  booth may be authorized for: licensed attorneys" and that
27  "[p]ass-through booth privileges will be granted . . . unless the
28  person has had his/her privileges revoked by the division

1  commander." (Id. (emphasis added).)
2         Like the applicable state regulation, the Operations
3  Order reinforces an inmate's right to confidential consultation
4  with an attorney but not to consultation in a pass-through room.
5  The Operations Order makes clear that pass-through privileges
6  will be authorized for attorneys unless revoked by the division
7  commander.  The right to confidential consultations in pass-
8  through rooms is therefore discretionary and cannot be construed
9  as a mandatory liberty or property entitlement.  Furthermore,
10 while liberty or property entitlements can be created by state
11 law, it is not clear to the court that such entitlements can be
12 created by a county operations order implementing a state
13 regulation.  Accordingly, the court must dismiss plaintiff's
14 procedural due process claim based upon denial of the pass-
15 through privilege.
16        Plaintiff also argues that defendants violated her
17 procedural due process rights by harming her professional
18 reputation.  (Compl. ¶ 57.)  She alleges that defendants "tried
19 to prevent Plaintiff from getting any work by informing inmates,
20 other attorneys and other correctional officers, that Plaintiff
21 engaged in sexual misconduct with inmate clients."  (Id. ¶ 37.)
22 Harm to reputation, without more, is neither a liberty nor
23 property interest guaranteed against state deprivation without
24 due process of law.  Paul v. Davis, 424 U.S. 693, 712 (1976).
25 Under the "stigma plus" test, "a plaintiff must show the public
26 disclosure of a stigmatizing statement by the government, the
27 accuracy of which is contested, plus the denial of 'some more
28 tangible interest[ ] such as employment,' or the alteration of a

right or status recognized by state law." Ulrich v. City and County of San Francisco, 308 F.3d 968, 982 (9th Cir. 2002) (citation omitted and alteration original).  Because the court will dismiss plaintiff's pass-through entitlement claim, plaintiff's harm to reputation claim would stand alone.  As a result, plaintiff has failed to satisfy the "stigma plus" test and the court must also dismiss plaintiff's harm to reputation claim.

Accordingly, the court will grant defendants' motion to dismiss plaintiff's § 1983 claim for violations of procedural due process.

C. Plaintiff's § 1983 *Monell* Claim

Because the court dismisses.  See Simmons v. Navajo County, 609 F.3d 1011, 1021 (9th Cir. 2010); Patel v. Maricopa County, 585 Fed. Appx. 452, 452 (9th Cir. 2014) ("Patel's Monell and supervisory liability claims fail as there was no underlying constitutional violation.").

D. State Law Claims

Plaintiff asserts state law claims for violation of the Unruh Civil Rights Act, negligence, defamation, and tortious interference with business relations.  Because plaintiff has not alleged a cognizable federal claim, the court declines to exercise supplemental jurisdiction over her state law claims. See 28 U.S.C. § 1367(c)(3) ("[A court] may decline to exercise supplemental jurisdiction over a claim ... if ... [it] has dismissed all claims over which it has original jurisdiction."); Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996), overruled on other grounds by Acri v. Varian Assocs.,

7

1   Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[I]n the usual case in
2   which federal law claims are eliminated before trial, the balance
3   of factors ... will point toward declining to exercise
4   jurisdiction over the remaining state law claims.").
5          IT IS THEREFORE ORDERED that defendants' motion to
6   dismiss (Docket No. 8) be, and the same hereby is, GRANTED.
7          Plaintiff is granted twenty days from the date this
8   Order is signed to file an amended complaint, if she can do so
9   consistent with this Order.
10  Dated:  April 6, 2016

*[Signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE